461 So.2d 503 (1984)
STATE of Louisiana
v.
Roger Clayton PRICE.
No. CR84-662 and CR84-663.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Dissenting Opinion December 13, 1984.
*504 Steven R. Thomas, Mansfield, for defendant-appellant.
James L. Davis, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
In separate bills of information defendant, Roger Clayton Price, was charged with the crime of armed robbery, in violation of La.R.S. 14:64, our docket number CR84-662, and with the crime of attempted second degree murder, in violation of La.R.S. 14:27 and La.R.S. 14:30.1, our docket number CR84-663. These matters were consolidated at the trial level. We have chosen this case for our opinion in these cases but render a separate judgment in the consolidated matter of State of Louisiana v. Price, 461 So.2d 508 (La.App. 3rd Cir. 1984).
At arraignment, defendant pled not guilty to both charges against him. On February 28, 1984, defendant changed his plea of not guilty to guilty to the armed robbery charge. Defendant also pled guilty to the offense of aggravated burglary (La.R.S. 14:60) in response to the charge of attempted second degree murder. At the hearing in which defendant pled guilty, the following transpired between the trial judge, Mr. Thomas (defense counsel) and Mr. Lawson (assistant district attorney):
"THE COURT: Let me say this, State of Louisiana versus Roger Clayton Price and another, there are two charges, one is Docket Number 32,058, which is a charge of Armed Robbery. The other is 32,059, which is a charge of Attempted Second Degree Murder.
MR. THOMAS: That is correct, Your Honor, and in connection with both charges, with the Armed Robbery charge, Mr. Price wishes to withdraw his former plea of Not Guilty and tender a plea of guilty. In connection with the charge of Attempted Second Degree Murder Mr. Price wishes to withdraw his former plea of Not Guilty and tender a plea of guilty to Aggravated Burglary, and that is acceptable with the State of Louisiana.
MR. LAWSON: That is correct, Your Honor.
THE COURT: Those are acceptable to the State.
MR. LAWSON: Yes, sir, and the State has a statement concerning recommendation and an agreement which we will put in the record after his plea is accepted."
The defendant was thereafter thoroughly Boykinized. The trial court specifically inquired concerning whether the defendant's guilty pleas tendered were the result of a plea bargain. We quote from the transcript in connection therewith:
"THE COURT: Alright. Has any plea bargain been reached in this case?
MR. LAWSON: Yes, sir, Your Honor, the State has informed and agreed with Mr. Price not to file a habitual offdender (sic) bill on him based on his plea of guilty in this, and that this is the agreement with the State.
THE COURT: Alright. Now, you understand, of course, Mr. Pricedo you understand what Mr. Lawson is talking about?
THE DEFENDANT: Yes, sir.

*505 THE COURT: And you understand that that would not have any effect on these two sentences?
THE DEFENDANT: Yes, sir.
THE COURT: You understand that?
THE DEFENDANT: Yes, sir."
At a subsequent sentencing hearing at which defendant was present and represented by counsel, defendant made a motion to withdraw his guilty pleas. He contended that his understanding of the plea bargain was that he was to serve no longer than twenty-five years for the offenses to which he pled guilty. The trial judge denied his motion finding that neither the court nor the State had made any such promise to the defendant. As aforestated, the record reflects the only plea bargain reached was that defendant would not be sentenced as a multiple offender. Defendant's attorney admitted that he had suggested to the defendant that twenty-five years would possibly be the maximum sentence imposed, based upon his own prior experience with this kind of case.
Defendant was thereupon sentenced to twelve years at hard labor for the offense of aggravated burglary. He was also sentenced to serve forty years at hard labor, without benefit of parole, probation or suspension of sentence on the armed robbery count, the two sentences to run concurrently.
Defendant has filed only one assignment of error which raises as an issue the excessiveness of his sentences. We do not consider that issue, as, for the reasons which follow, we determine that defendant's guilty pleas are invalid and that this matter must be reversed and remanded to the trial court for further proceedings.
In reviewing appeals from pleas of guilty, we must notice jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Crosby, 338 So.2d 584 (La.1976). Our review of the record reveals an error patent which renders defendant's guilty pleas invalid.
In the present case, defendant was charged in separate bills of information, with the crime of armed robbery and with the crime of attempted second degree murder. He pled not guilty to both charges. As a result of a plea bargain he withdrew his pleas of not guilty and pled guilty to the crimes of armed robbery and aggravated burglary. The record reflects that the information charging the defendant with attempted second degree murder was not amended to charge defendant with the crime of aggravated burglary, nor was a new information charging defendant with that crime filed.
A defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. La.C. Cr.P. Art. 558. The lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. Official Revision Comment to La.C.Cr.P. Art. 558; State v. Green, 263 La. 837, 269 So.2d 460 (La.1972). In such instances amendment of the indictment or the filing of a new information charging the lesser included offense is not required.
The crime of aggravated burglary is not responsive to the crime of attempted second degree murder. It is not a lesser offense that is included in the offense charged nor is it in the same generic class. La.C.Cr.P. Art. 487 provides that a defendant may enter a plea of guilty to a crime non-responsive to the original indictment when such plea is acceptable to the State, and, in such case, the district attorney is not required to file a new indictment to charge the crime to which the plea is offered. However, this does not dispense with the requirement that the original information or indictment charging the non-responsive crime should be amended. Since the information charging defendant with attempted second degree murder was not amended to charge defendant with aggravated burglary and no new information was filed, it necessarily follows that the trial judge did not have jurisdiction to accept the defendant's guilty plea to this offense.
*506 In a similar case, State v. Cook, 372 So.2d 1202 (La.1979), our Supreme Court stated as follows:
"Since the crime of simple burglary of an inhabited dwelling requires proof of an essential element, i.e., inhabited dwelling, not found in the crime charged (simple burglary), simple burglary of an inhabited dwelling is not a lesser included offense of simple burglary.
La.Code Crim.P. art. 487, dealing with amendments by the state of defective indictments, provides in pertinent part:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered. (emphasis added)
The aforesaid provision does not prohibit a defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney. In such a case, the district attorney need only amend the indictment; he is not required to file a new indictment to charge the crime to which the plea is offered.
In the instant case, defendant's guilty plea to simple burglary of an inhabited dwelling was not a lesser included offense of the crime charged (simple burglary). Moreover, it was a plea of guilty to a crime nonresponsive to the original indictment. The district attorney neither amended the information nor filed a new information. Hence, the trial judge did not have jurisdiction to accept the guilty plea to this offense. Accordingly, the guilty plea is invalid and must be set aside."
Although the jurisdictional defect present in connection with defendant's guilty plea to the crime of aggravated burglary is not present in defendant's plea to the crime of armed robbery, the decision of our Supreme Court in Cook requires that defendant's guilty plea to the information charging him with the crime of armed robbery be likewise held invalid. In Cook, the Supreme Court stated:
"Since this invalid guilty plea was part of a plea bargain in which defendant also pled guilty to aggravated burglary, we must likewise set aside defendant's plea to that charge. On remand, the district attorney may elect to amend the information for simple burglary (La.R.S. 14:62) to simple burglary of an inhabited dwelling (La.R.S. 14:62.2). Whether he does or not, defendant has the option of either proceeding to trial on the crimes charged or entering guilty pleas thereto. In the event he decides to plead guilty to the crimes charged, he cannot be sentenced to serve more than three years at hard labor for the crimes of aggravated burglary (La.R.S. 14:60) and simple burglary (La.R.S. 14:62) and three years at hard labor, the first year being without benefit of parole, probation or suspension of sentence, for the crime of simple burglary of an inhabited dwelling3 and the sentences must be made to be served concurrently. This would be in accordance with the original plea bargain as corrected in connection with the sentence imposed for simple burglary of an inhabited dwelling. To do otherwise would penalize defendant for having successfully exercised his right to seek our review."
We consider our Supreme Court's decision in State v. Cook, supra, to be dispositive of the issue presented by the facts apparent on the face of the record and binding on this court such that defendant's convictions and the sentences imposed must be reversed and this case remanded to the trial court. On remand, the district attorney may elect to amend the information for attempted second degree murder to aggravated burglary. Whether he does or not, defendant has the option of either proceeding to trial on the crimes charged or entering guilty pleas thereto. In the event that defendant pleads guilty to the crimes charged, he cannot be sentenced to serve more than forty years at hard labor without benefit of probation, parole or suspension of sentence for the crime of armed *507 robbery nor more than twelve years for the crime of aggravated burglary. The two sentences must be made to be served concurrently. Further, in the event of resentencing, the State may not bill the defendant as a habitual offender, in accordance with the plea bargain agreement previously entered into between defendant and the State.

DECREE
For the reasons assigned, defendant's convictions and sentences imposed are reversed and the case is remanded to the district court for proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs and assigns reasons.
KNOLL, J., dissents and assigns reasons.
DOMENGEAUX, Judge, concurring.
Cook, supra, leaves us no alternative but to do what we are doing here. I suggest, however, with all due respect, that it mandates an amendment of the indictment in this situation when statutory or constitutional law does not.
The Louisiana Code of Criminal Procedure Article 487(A) refers to the amendment of defective indictments onlyspecifically as stated thereinto form, miswriting, misspelling, improper English, use of sign, symbol, figure, etc., or because any similar defect, imperfection, omission or uncertainty exists therein.
The second paragraph of 487(A) refers to amendments of defects of substancebut only in connection with a "trial". (When a defendant pleads guilty before a trial, his action logically precludes the necessity of a trial.)
Section (B) of that Article makes it clear that none of the defects enumerated in (A) thereof should be construed so as to prohibit a defendant from entering a guilty plea to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney. It goes on to say that: "... in such a case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered."
Nowhere do I see in that Article, directly or by inference, that the district attorney, in a case such as we have here, needs to amend the indictment so as to allow the guilty plea.
The Supreme Court's pronouncement in Cook, supra, that 487(B) requires an amendment to the indictment, was made without citing any statutory or constitutional authority. I presume that the High Court premised its holding on Article 1, Section 13 of the 1974 Louisiana Constitution which requires that: "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him."
In the instant case the defendant entered his guilty plea as part of a plea bargain. The record clearly reveals that the defendant was painstakingly advised and forewarned of the charges and accusations against him and the resulting consequences of his guilty plea to the crime of aggravated burglary. The defendant in this case has been adequately apprised of the accusations against him and thus the constitutional requirements of Article 1, Section 13 have been met. Assuming for the sake of argument that Cook is correct, the High Court's constitutional concerns have been sufficiently dispensed with during the Boykinization process. In a case such as this the added requirement of amending the indictment amounts to no more than a supertechnicality.
I respectfully suggest that our jurisprudential duty emanating from Cook unnecessarily takes up an inordinate amount of judicial time at all levels of the judiciary.
KNOLL, Judge, dissenting.
The majority opinion followed the decision by our Supreme Court in State v. Cook, 372 So.2d 1202 (1979). I respectfully disagree with the Cook decision. Although the failure to amend a bill or indictment may, under certain circumstances, constitute error, it does not constitute error in this case, and certainly not reversible error.
*508 Article 487, paragraph B of our Code of Criminal Procedure is clear that a defendant may enter a guilty plea to a crime nonresponsive to the original indictment without the necessity of the State filing a new indictment. The only restriction is that the plea must be acceptable to the district attorney. Article 487(B) provides:
"B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered."
There is no constitutional or statutory requirement that the State amend the indictment before a defendant enters a plea to a nonresponsive offense, and for a very specific reason: a plea to a nonresponsive verdict is in the best interest of a defendant; and, the Boykinization of defendant insures that the plea is in accord with the standards of criminal justice.
The defendant, a multiple offender, along with a co-defendant, who is also a multiple offender, committed violent and heinous acts upon an 83 year old man who lived alone. The defendants, after gaining entry into the victim's home, repeatedly beat the victim with their fists and the butt of the victim's shotgun. After defendant Price severely cut the victim's throat with a knife, defendants fled stealing the victim's shotgun and his automobile. They were later located in Texas. While in flight from law enforcement officers, they demolished the victim's vehicle. As a result of the injuries inflicted upon the victim by the defendants, his medical expenses were approximately $100,000 and the remainder of his life was tragically changed, both medically and physically.
Defendant Price voluntarily and intelligently withdrew his plea of not guilty to attempted second-degree murder and tendered a plea to the reduced charge of aggravated burglary. Before the trial court entertained defendant's plea to a nonresponsive offense, it wisely ascertained from the State whether defendant's plea was acceptable to the State. The State acknowledged that defendant's plea was acceptable; this was also confirmed by defendant through his counsel of record. After this foundation was laid, the trial court conscientiously and thoroughly Boykinized defendant. The record is clear that defendant had full knowledge that he was tendering a plea to the reduced charge of aggravated burglary, and was further fully advised of the law and penalty for this offense. After receipt of a pre-sentence investigation report, the sentencing court handed down written reasons for sentence, which imposed a sentence defendant fully merited.
A reversal of this conviction based on such a complete and sound record on such a minor technicality is a travesty to the criminal justice system. If failure to amend the bill of indictment is deemed error, which I vigorously disagree with, then it is certainly no more than harmless error.
Reversal based on this type of technicality serves only to encourage violent criminal conduct, while furthering deterioration of the criminal justice system in the eyes of victims and society in general.
For the foregoing reasons, I respectfully dissent.