501 So.2d 848 (1987)
STATE of Louisiana
v.
Kevin HARDAN.
No. 86-KA-498.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
*849 Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for appellee.
John H. Craft, Indigent Defender Bd., Gretna, for appellant.
Before KLIEBERT, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from defendant's Kevin Hardan's sentencing following his plea of guilty to L.S.A.-R.S. 14:62.2, simple burglary of an inhabited dwelling. The trial court sentenced him to imprisonment at hard labor for twelve (12) years, the statutory maximum. L.S.A.-R.S. 14:62.2. Defendant contends that the sentence is excessive and also assigns as error any and all errors patent. The State contends that the sentence is unlawfully lenient since it does not specify that one year is to be served without benefit of parole, probation, or suspension of sentence as mandated by L.S.A.-R.S. 14:62.2. It seeks to have this court remand the case to the trial court for resentencing. We vacate the sentence and remand for resentencing.
The pre-sentence investigative report ordered by the trial judge set out the following: At approximately 7:30 a.m. on November 11, 1985, the victim, Carl Vickers (Vickers) who resides in Metairie, heard someone knocking on the side door of his residence. When he went downstairs, he observed two black males (Hardan and a co-defendant) looking through the door. At that time, Vickers went back upstairs to retrieve his gun since the two males looked suspicious. Upon returning downstairs Vickers noticed that the two men had entered his residence and were ascending the stairs. He then approached the two men and ordered them downstairs, placing them in a prone position. He held them at gunpoint while he notified the police.
Upon the officers' arrival, they retrieved some tools from the pockets of the two men. Although the victim stated that an ice pick was found in Hardan's pocket, Hardan denied the allegation. Hardan was arrested and charged with the crime of aggravated burglary. Pursuant to a plea agreement, the defendant, Hardan, entered a plea of guilty to simple burglary of an inhabited dwelling.
PATENT ERROR:
Hardan assigns as error any and all errors patent on the face of the record.
La.C.Cr.P. art. 920 provides "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict and the judgment or sentence. State v. Henney, 479 So.2d 15 (La.App. 5th Cir.1985).
Where the conviction has been obtained by a plea of guilty, the issue of whether the accused was properly "Boykinized" constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir.1985).
*850 In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court and was held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
A review of the colloquy of the defendant's guilty plea in this case shows that the defendant was advised of the maximum sentence. He was also informed that the statute mandated that at least one year of the sentence would be without benefit of probation, parole and suspension of sentence. Furthermore, he was advised of his right to a trial by jury, his right against self-incrimination, and his right to confront his accusers. In addition, the record contains a waiver of rights form signed by the defendant and his counsel.
A review of the record also indicates that the Bill of Information was never amended to reflect the crime of simple burglary of an inhabited dwelling to which Hardan pled guilty. Instead the Bill states that he is charged with aggravated burglary. A guilty plea to a charge which does not conform to the Bill of Information is error patent on the face of the record under certain circumstances. State v. Cook, 372 So.2d 1202 (La.1979). For the reasons stated below we find that the failure to amend does not constitute error in this case.
La.C.Cr.P. art. 558 provides that the defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. In general, the lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. Under this article the defendant can plead guilty to a lesser offense although it is not a responsive verdict under La.C.Cr.P. art. 814.
Specifically regarding amendments of defective indictments, La.C.Cr.P. art. 487(B) reads as follows:
[n]othing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
In the present case, simple burglary of an inhabited dwelling is not a responsive verdict to the charge of aggravated burglary according to La.C.Cr.P. art. 814.[1] However, art. 814 is inapplicable to the instant case since a guilty plea was involved.
In State v. Green, 263 La. 837, 269 So.2d 460 (La.1972), the Louisiana Supreme Court explained that:
[t]he limitation imposed by Article 814 on verdicts which may be rendered as responsive to stated charges is applicable to verdicts rendered upon the trial of a cause as distinguished from pleas of guilty knowingly and voluntarily entered by an accused. The limitations on verdicts which may be applicable to a trial are not entirely pertinent to a guilty plea. In the latter instance the accused actively and voluntarily participates in a determination of the plea to be entered. Green, supra 269 So.2d at 463.
In the present case, Hardan's plea of guilty to simple burglary of an inhabited dwelling is a plea to a lesser offense of aggravated burglary for two reasons: (1) The former offense is of the same generic class as the latter, and (2) In order to sustain a conviction of simple burglary of *851 an inhabited dwelling, no proof is required of any element which is not found in the crime of aggravated burglary.[2]State v. Wise, 425 So.2d 727 (La. 1983).
Furthermore, "Art. 487(B) and 558 of the Code of Criminal Procedure are in keeping with the established rationale that a guilty plea of a lesser offense is a responsive verdict." Green, supra 269 So.2d at 463. Since the guilty plea was to a lesser included offense, amendment of the Bill or the filing of a new Information charging the lesser included offense is not required. State v. Price, 461 So.2d 503, 508 (La.App. 3rd Cir.1984).
We note that the instant case is distinguishable from Cook, supra wherein the defendant pled guilty to a crime which was neither responsive nor a lesser included offense of the crime charged. In Cook, an amendment to the indictment was necessary since the plea was neither responsive nor a lesser offense.
In the case at bar, while the plea was not responsive under La.C.Cr.Proc. Art. 814(42), it was a lesser included offense and as such is considered a responsive verdict for purposes of entering a guilty plea. La.C.Cr.Proc. Art. 487(B); L.S.A.-R.S. 14:60 and 14:62.2. Green, supra; Wise, supra. Therefore, we find no error patent in the failure to amend the Bill.
Our review of the record indicates only that the sentence imposed was illegally lenient. The trial judge sentenced the defendant to twelve years at hard labor, but he did not specify that one year of that was to be served without benefit of parole, probation, or suspension of sentence, as is mandated by L.S.A.-R.S. 14:62.2.[3]
In State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984), the defendant was convicted of armed robbery and sentenced to ten years at hard labor. An error patent review revealed that the sentence was to be served without benefit of parole, probation or suspension of sentence as is required by L.S.A.-R.S. 14:64. The prosecutor did not object to the sentence when it was imposed, nor did it place the issue in front of the trial or appellate court by pleading or in brief. The State requested that the appellate court amend the sentence for the first time at oral argument; however the appellate court refused, stating:
[a]rt. 882 does give appellate courts the authority to correct an illegally lenient sentence "... on the application of the defendant or of the State." (underlining supplied). The term "application" is not further described, but in the instant case *852 we are not prepared to say that the prosecution has made sufficient "application."
If the prosecution now seeks correction of the illegally lenient sentence imposed on Robertson, it must first approach the district judge. Robertson, supra at 582.
Another case on this issue is State v. Sepcich, 473 So.2d 380 (La.App. 5th Cir. 1985), appeal after remand 485 So.2d 559 (La.App. 5th Cir.1986), where the defendant was convicted of armed robbery and sentenced to fifty years at hard labor, the first ten years to be without benefit of parole, probation or suspension of sentence. This sentence was contrary to L.S. A.-R.S. 14:64, which required the entire sentence to be served without eligibility for parole, probation or suspension. As such, the sentence was illegally lenient. The State did not object to the sentence when it was imposed and did not apply to the trial court for correction of sentence. The State, however, did request that the appellate court correct the illegally lenient sentence in brief and by formal motion filed after the appellate arguments. The appellate court distinguished this case from Robertson and held:

[r]obertson, supra is distinguishable from this case on the following basis: (1) the defendant here makes application to this Court to review the entire record for any errors patent and to set aside the sentence because it was excessive, and (2) the State, in its brief, requests this Court to correct the illegal sentence. These factors cause us to conclude that the sentence should be set aside and the case remanded for resentencing. Sepich, supra at 389.
In the present case, the State did not object to the unlawfully lenient sentence at the time of its imposition nor did it subsequently make a formal motion for amendment of the sentence. However, the state in its brief has called this Court's attention to the illegal sentence. Moreover, in brief, the State specifically asks this Court "to remand this case to the trial court so that the twelve-year sentence can be amended" in conformity with L.S.A.-R.S. 14:62.2. Furthermore, the defendant specifically asked for an error patent review. Considering these factors in light of our previous holding in Sepich, supra we conclude that the sentence should be set aside and the case remanded for resentencing.
Since we have determined that the illegal sentence should be set aside and the case remanded, we pretermit discussion of defendant's assignment of error with respect to whether his sentence is excessive.
Accordingly, Hardan's sentence is set aside and the case remanded to the trial court for resentencing.
SENTENCE SET ASIDE, CASE REMANDED FOR RESENTENCING.
NOTES
[1] La.C.Cr.P. art. 814(42) states that the responsive verdicts of the crime of aggravated burglary are "Guilty; Guilty of Simple Burglary, and Not Guilty."
[2] L.S.A.-R.S. 14:60 defines aggravated burglary as:

the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) is armed with a dangerous weapon; or
(2) after entering arms himself with a dangerous weapon; or
(3) commits a battery upon any person while in such a place, or in entering or leaving such place.
L.S.A.-R.S. 14:62.2 defines simple burglary of an inhabited dwelling as:
the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than set forth in Art. 60.
[3] L.S.A.-R.S. 14:62.2 provides in pertinent part that:

"Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years."
Furthermore, in State v. Conley, 411 So.2d 448 (La.1982), the court noted that the ineligibility provision should attach only to the statute's minimum one year term. See also State v. Boowell, 406 So.2d 213 (La.1981); State v. Harris, 470 So.2d 601 (La.App. 1st Cir.1985) writ denied 477 So.2d 1123 (La.1985).
La.C.Cr.Proc. Art. 882 reads as follows:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
(3) Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.