520 So.2d 1270 (1988)
STATE of Louisiana
v.
Sammie DANTONI.
No. 87-KA-623.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
*1271 Martha E. Sassone, Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Jodi McMillen, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Louise Korns, of counsel, Office of the Dist. Atty., Gretna, for appellee.
Before CHEHARDY, C.J., and GRISBAUM and WICKER, JJ.
CHEHARDY, Chief Judge.
Defendant, Sammie Dantoni, appeals his conviction by guilty plea of unauthorized use of a movable valued in excess of $1,000, a violation of LSA-R.S. 14:68. After entering his plea, defendant was sentenced to 18 months in the Jefferson Parish Correctional Center.
On appeal defendant's only request is that the court review the record for patent errors.
LSA-C.Cr.P. art. 920 provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of error; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Gaines, 508 So.2d 1017 (La.App. 5 Cir.1987). When the conviction has been obtained by a guilty plea, error patent review includes a determination of the sufficiency of the Boykin colloquy. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Hardan, 501 So.2d 848 (La.App. 5 Cir.1987). See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
In regard to the Boykin colloquy, we find the defendant was advised by the trial judge of the elements of the offense to which he pleaded, as well as to the maximum sentence possible for commission of the crime. In addition, he was advised of his right against self-incrimination, the right to trial by jury and the right to confront his accusers as required by Boykin. Further, the record reflects defendant orally indicated his willingness to waive those rights which are supported by a written waiver signed by the defendant, his counsel *1272 and the trial judge. Thus, we find no patent error regarding the Boykin colloquy.
A review of the record for other patent errors, however, reveals a defect in the bill of information. In this respect defendant was initially charged with receiving stolen goods valued at $5,000, a violation of LSA-R.S. 14:69. The "goods" referred to was an automobile. Defendant did not plead guilty to this charge, but to the charge of unauthorized use of a movable (LSA-R.S. 14:68), and the bill of information was never amended to reflect the charge to which defendant pleaded guilty. Under certain circumstances a guilty plea which does not conform to the bill of information is error patent on the face of the record. State v. Cook, 372 So.2d 1202 (La. 1979); State v. Hardan, supra.
The Louisiana Criminal Code provides that a defendant may plead guilty to a lesser offense that is included in the offense charged in the indictment with the consent of the district attorney. LSA-C. Cr.P. art. 558. Although the lesser offense does not have to be a responsive verdict under LSA-C.Cr.P. art. 814, it must be of the same generic class and must not require proof of an element which is not found in the major crime charged. State v. Hardan, supra; C.Cr.P. art. 558Official Revision Comment; LSA-C.Cr.P. art. 487(B).
Illegal possession of stolen things is defined in R.S. 14:69(A) as,
"[T]he intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses."
When the value of the stolen things is $500 or more, the sentence is imprisonment with or without hard labor for not more than 10 years or a fine not to exceed $3,000, or both.
Unauthorized use of a movable is defined in R.S. 14:68 as,
"[T]he intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial."
The sentence for commission of this crime when the value of the movable is in excess of $1,000 is a fine of not more than $5,000 or imprisonment with or without hard labor for not more than three years, or both.
In this case, the definition of unauthorized use of a movable requires the "intentional taking or use" which is an element of the crime not required to be proven under the crime of illegal possession of stolen things. Since that element of the offense is not found in the major crime charged, the trial judge was without jurisdiction to accept the plea without an amendment of the bill of information. State v. Cook, supra. Accordingly, the guilty plea is invalid and must be set aside and the case remanded.
Under the authority of State v. Cook, supra, on remand the district attorney may elect to amend the bill of information. Whether he does so or not, however, the defendant may elect to proceed to trial or to enter another guilty plea. In the event he decides to plead guilty to the crime charged, he cannot be sentenced to more than 18 months for either the illegal possession charge (R.S. 14:69(A)) or the unauthorized use of a movable (R.S. 14:68). See: State v. Cook, supra. As pointed out in Cook, to do otherwise would penalize defendant for having successfully exercised his right to appeal.
Accordingly, the conviction and sentence are hereby set aside and vacated, and the case is remanded for proceedings consistent with this opinion.
PLEA AND SENTENCE VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.