CHEHARDY, Chief Judge.
On January 19, 1979 the defendant, Peter Marceaux, was charged under a bill of information with the crime of second-degree battery. By separate bill, he was charged with issuing worthless checks in five other suits. At arraignment Marceaux entered a plea of not guilty to all charges.
At trial on June 19,1980, Marceaux withdrew his former plea and pleaded guilty to the charge of aggravated battery; the worthless check charges were dismissed.[1] The district court imposed a sentence of eight years at hard labor against Mar-ceaux, but suspended the sentence and placed him on active probation for five years. LSA-C.Cr.P. art. 894.1. As special conditions of probation, the court required defendant to make restitution to all victims of the worthless check charges and the outstanding complaints pending in the district attorney’s office as of May 1, 1980. Defendant was also obliged to reimburse the battery victim for out-of-pocket and medical expenses. Marceaux was specifically ordered to repay Nicholson & Loup, Inc., the sum of $2,146.56 on the fraudulent check charges. LSA-C.Cr.P. arts. 895 (West 1974) and 895.1 (West 1977).
Defendant signed the Waiver of Rights form which acknowledged his voluntary plea of guilty to the charge of aggravated battery and stated that he understood the punishment which could be imposed and the sentence which would be enforced.
Although Marceaux held employment in Mississippi at the time of sentencing, he neither made restitution as required by the terms of his probation nor maintained contact with his Louisiana probation officer. Instead, in 1982 he moved to Tennessee where he was arrested on multiple charges and was incarcerated. In August of 1983, Louisiana authorities issued an arrest warrant against Marceaux for violation of his Louisiana probation. By the time the warrant reached Tennessee, Marceaux had been released from prison.
In early 1986, Probation Officer Judith Curry learned that Marceaux was serving a jail term in Tennessee but was due for release. On the basis of the 1983 warrant, the defendant was released to the custody of Louisiana officers.
On September 7, 1988 the district court revoked Marceaux’s probation and imposed the original sentence rendered on his conviction: eight years at hard labor for the crime of aggravated battery. The appeal of the probation revocation brings defendant before this court.
Peter Marceaux does not file formal assignments of error as required by LSA-C.Cr.P. art. 844. He nevertheless contends that the arrest warrant was invalid because it was not executed during his term of probation. LSA-C.Cr.P. art. 899 (West 1977). He argues, therefore, that his probation was served and that the judgment imposing the original sentence was erroneous. This court’s review of the record discloses the presence of patent error in that defendant’s 1979 guilty plea and sentence do not conform to the charge then pending against him. LSA-C.Cr.P. art. 920. This error mandates our reversal of the judgment revoking the defendant’s probation. We therefore do not address the question of whether the arrest warrant was validly executed.
In addition to those errors specifically designated, LSA-C.Cr.P. art. 920(2) requires appellate court review of “[a]n error that is discoverable by a mere inspec *1123 tion of the evidence.” In this instance, the standard authorizes us to inspect both the bill of information and the plea of the accused. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Taylor, 476 So.2d 929 (La.App. 2 Cir.1985). Because Marceaux’s original conviction was obtained by his guilty plea rather than through trial, we must also ascertain whether the guilty plea was entered in compliance with the standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See State v. Godejohn, 425 So.2d 750 (La.1983).
Boykin requires that a defendant’s guilty plea be knowing and voluntary. Because such a plea is in essence a conviction, the trial judge must insure that the accused has a full understanding of the plea and its consequences before he accepts it. If the record does not affirmatively disclose that the defendant’s plea was intelligent and voluntary, plain error exists. Id. at 242, 89 S.Ct. at 1711.
The bill of information charged Mar-ceaux under LSA-R.S. 14:34.1, second degree battery. Defendant pleaded guilty to the charge of aggravated battery. The record of the sentencing hearing sets forth the trial court’s inquiry on whether Peter Marceaux’s plea was considered and free from coercion. It documents defendant’s knowing waiver of his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971). However, while the colloquy reflects that the trial judge questioned Marceaux on his plea of guilty to the charge of aggravated battery, it does not include the judge’s explanation to defendant of the elements which constitute that crime.
A guilty plea which does not conform to the bill of information is error patent. State v. Dantoni, 520 So.2d 1270 (La.App. 5 Cir.1988). The plea is invalid and must be set aside. State v. Cook, 372 So.2d 1202 (La.1979).
Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33. The 1979 bill of information charged Peter Marceaux with second-degree battery, which is a “battery committed without the consent of the victim when the offender intentionally inflicts serious bodily harm.” LSA-R.S. 14:34.1. The maximum enforceable jail term for conviction of this crime is five years. Marceaux, however, pleaded guilty to the charge of aggravated battery, battery committed “with a dangerous weapon.” LSA-R.S. 14:34. He was sentenced to eight years at hard labor, suspended. At trial Peter Marceaux pleaded guilty to a more grievous crime than that with which he was originally charged. His 1979 conviction cannot stand.
Where the bill of information and the charge to which the defendant enters a guilty plea do not conform, the bill may be amended or a new bill filed. Such a curative measure is absent from the record before us. Correction of the bill of information is unnecessary if, in response to the crime charged, the defendant pleads guilty to a lesser-included offense of the same generic class which does not require proof of any element not found in the major crime charged. LSA-C.Cr.P. art. 558 and Official Revision Comment. State v. Green, 263 La. 837, 269 So.2d 460 (La.1972). Conviction by trial on an aggravated battery requires proof of an essential element not required in a second-degree battery conviction: proof that the battery was committed with a dangerous weapon. Peter Marceaux did not plead guilty to a lesser-included offense but to a greater offense. Compare State v. Hardan, 501 So.2d 848 (La.App. 5 Cir.1987).
The district court had no jurisdiction to accept Peter Marceaux’s guilty plea; it must be set aside. State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984). This has the effect of setting aside the original judgment imposing probation and the subsequent judgment revoking defendant’s probation and imposing the original sentence which Peter Marceaux is now serving.
The 1988 judgment revoking defendant’s probation and imposing the sentence of eight years at hard labor is set aside. Mar-ceaux’s conviction and sentence are vacat *1124 ed; • the case is remanded for further proceedings not inconsistent with this opinion.
CONVICTION AND SENTENCE VACATED; CASE REMANDED.

. The second-degree battery charge against co-defendant Basil Marceaux and the worthless check charges against codefendant Joyce Foret were also dismissed.