758 So.2d 308 (2000)
STATE of Louisiana
v.
Kenneth PRESLEY.
No. 99-802.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
Mark Kramar, Assistant District Attorney, Leesville, LA, Counsel for Appellee.
Clay Williams, Leesville, LA, Counsel for Defendant/Appellant.
Court composed of Judge ULYSSES GENE THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY.
AMY, Judge.
The defendant pled guilty to attempted assault by drive-by shooting and aggravated criminal damage to property. The defendant *309 was later sentenced to two and one-half years at hard labor for attempted assault by drive-by shooting and eight years at hard labor as well as a $500 fine for the aggravated criminal damage to property charge. Counsel for the defendant submitted a motion to withdraw and an Anders brief claiming that there remains no nonfrivolous issues to be raised on appeal. For the following reasons, we deny the motion to withdraw and remand this matter to the trial court with instructions.

Factual and Procedural Background
On or about August 22, 1998, the defendant allegedly fired several shots from a motor vehicle into an occupied trailer home. The defendant was later arrested, and on October 26, 1998, was charged with one count of assault by drive-by shooting, a violation of La.R.S. 14:37.1, and one count of aggravated criminal damage to property, a violation of La.R.S. 14:55.
On January 6, 1999, the defendant, pursuant to a plea agreement and with the assistance of counsel, entered a plea of guilty to the charges of attempted assault by drive-by shooting and aggravated criminal damage to property. The defendant was later sentenced to two and one-half years at hard labor for the former charge and eight years at hard labor as well as a $500 fine for the latter. The sentences were ordered to run concurrently. A motion to reconsider sentence was filed and later denied without a hearing.
Counsel for the defendant filed a motion to withdraw as counsel with an accompanying brief in accordance with the United States Supreme Court case of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserts that after his review of the record, he finds that no nonfrivolous issues can be presented on appeal. Thus, he claims he should be allowed to withdraw as counsel in this matter.

Merits

Errors Patent
In accordance with La.Code Crim.P. art. 920, the appellate court shall review an appeal for any error "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." After reviewing the record for errors patent, we find one such error.
The defendant in this matter was originally charged with assault by drive-by shooting, in violation of La.R.S. 14:37.1. However, the defendant eventually pled guilty, pursuant to a plea agreement with the State, to attempted assault by drive-by shooting, which the State asserted was a violation of La.R.S. 14:37.1 and 14:27.[1] In review of the defendant's guilty plea, we find that such an offense does not exist under Louisiana law and, therefore, the defendant's plea is void.
The offense of assault by drive-by shooting is defined as "an assault committed with a firearm when an offender uses a motor vehicle to facilitate the assault." La.R.S. 14:37.1(A). By its very definition, an assault is an essential element of the offense. An assault is defined in La.R.S. 14:36 as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." (Emphasis added.) Thus, stated literally, a defendant pleading guilty to attempted assault by drive-by shooting would be pleading guilty to attempting to attempt a battery or to place another in *310 reasonable apprehension of receiving a battery with a firearm while using a motor vehicle to facilitate the assault. Such an interpretation is a legal misstatement and is unsupported by the Louisiana criminal laws.
When addressing a similar issue, the Louisiana Supreme Court in State v. Eames, 365 So.2d 1361, 1363 (La.1978), explained:
If the definition of another crime includes the attempt to do something, the attempt statute, R.S. 14:27, cannot be employed, for then a defendant would be charged with an attempt to attempt to do an illegal act. The reporter's comment to R.S. 14:27 makes this clear:
"This section is in accord with the general common law concept of attempt. An attempt to commit any crime is an offense, whether the offense attempted be a felony or merely a misdemeanor. Clark and Marshall, Law of Crimes (4th ed.1940) 153, § 113. Since there can be no such thing as an attempt to commit an attempt, there can be no attempt to commit either an aggravated assault or a simple assault. Those offenses are themselves in the nature of attempts to commit a battery. See Clark and Marshall, supra, 156, § 114(d)."
(Emphasis added.) See also State v. Poe, 214 La. 606, 38 So.2d 359, 362 (1948).
In accordance with the jurisprudence on this issue, we find that in as much as an attempted assault is not a recognized offense under Louisiana criminal law, neither is an attempted assault by drive-by shooting. Thus, we conclude that the defendant in this matter has entered a guilty plea to an offense which does not exist and for that reason, the plea should be vacated. Moreover, because the defendant's guilty plea to aggravated criminal damage to property was part of the same plea agreement which provided for a charge the trial court did not have authority to accept, it too must be vacated. State v. Cook, 372 So.2d 1202 (La.1979). See also State v. Alfred, 95-76 (La.App. 3 Cir. 5/3/95); 657 So.2d 116; State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984).
Accordingly, we vacate the defendant's plea in this matter, set aside the conviction and sentences imposed, and remand this matter to the trial court for further proceedings. The defendant has the option of either proceeding to trial on the offenses charged or entering a plea of guilty. Cook, 372 So.2d 1202. If the defendant chooses to plead guilty, the sentence imposed shall be no greater than the sentence he originally received. Id.
Due to our findings as to the defendant's guilty plea, we do not address the merits of the defense counsel's Anders brief and, accordingly, deny his motion to withdraw as counsel in this matter.

DECREE
For the foregoing reasons, the defendant's guilty plea is vacated, the convictions and sentences are reversed, and this matter is remanded to the trial court with instructions.
REVERSED AND REMANDED.
NOTES
[1] La.Code Crim.P. art. 558 provides that:

"The defendant, with the consent of the district attorney, may plead guilty of a lesser offense that is included in the offense charged in the indictment." La.R.S. 14:27(C) provides in part, that "[a]n attempt is a separate but lesser grade of the intended crime...." For the reasons set forth infra, we conclude that attempted assault by drive-by shooting is not a lesser included charge of assault by drive-by shooting and, thus, La.R.S. 14:27 is inapplicable to an offense relative to an assault. See, e.g., La.Code Crim.P. art. 814, which lists responsive verdicts for certain charged offenses, wherein there is no attempt crime listed for either aggravated assault or any grade of battery.