896 So.2d 1101 (2005)
STATE of Louisiana
v.
Luis A. CORZO.
No. 04-KA-791.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Luis A. Corzo, Jr., Kinder, LA, Defendant/Appellant, Pro Se.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.

STATEMENT OF THE CASE
This appeal arises from two district court cases, 01-2666 and 01-2754, in which *1102 there was one joint plea agreement. On May 17, 2001, the defendant, Luis Corzo, was charged by a Bill of Information, in district court No. 01-2666, with one count of simple burglary in violation of LSA-R.S. 14:62.[1] On June 5, 2001, the defendant initially pled not guilty, and, on September 6, 2001, filed a Motion to Suppress the evidence. While the record does not indicate the defendant's Motion to Suppress was ruled upon prior to the defendant entering a guilty plea, he waived the motion by pleading guilty without raising the issue that his pre-trial motion was neither heard nor ruled upon by the trial court. See, State v. Fletcher, 02-707 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-409 (La.10/10/03), 855 So.2d 334.
In connection with a plea bargain, the defendant subsequently withdrew his not guilty plea and entered a guilty plea on October 9, 2001 to two counts of simple burglary.[2] He was sentenced to five years at hard labor on each of the two counts of simple burglary, which were ordered to run concurrently with each other. The defendant received a total of twenty-five years in exchange for his guilty pleas on all counts, in cases 01-2666 and 01-2754, pursuant to one joint plea agreement.

FACTS
The specific facts and circumstances of the charged offenses are unknown, because the defendant pled guilty. The Bill of Information regarding the simple burglary charge indicates that, on May 6, 2001, the defendant committed simple burglary of a police unit located in the 3000 block of Cleary Avenue. The arrest report states the defendant broke the front passenger window of a police car and removed property from the inside and trunk of the car.

DISCUSSION
The appellant raises an Assignment of Error, in his brief and pro se supplemental brief, in which he argues that the district court erred in imposing an unconstitutionally excessive sentence, and an additional Assignment of Error, in his supplemental brief, in which he argues that the sentencing court violated his constitutional right to due process by failing to follow the guidelines set forth in LSA-C.C.P. art. 894.1. As a result of the following error patent discussion, we will not address these Assignments of Error.
This Court's error patent review of the record conducted in accordance with LSA-C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) reveals that the defendant's guilty plea and sentence do not conform to the charge pending against him, pursuant to the Bill of Information, in case No. 01-2666. Specifically, the defendant was only charged with one count of simple burglary, but pled guilty to two counts of simple burglary.
A review of the May 17, 2001 Bill of Information shows that the defendant was *1103 only charged in count two of the bill. Count one of the bill charges only co-defendant, Adolfo Altamirano. The Waiver of Rights and Guilty Plea form signed by the defendant indicates he pled guilty to two counts of simple burglary. During the plea colloquy, the trial judge asked the defendant, "Do you understand that you are withdrawing your plea of not guilty to two counts of simple burglary ... and entering pleas of guilty to all of those charges?"[3] The defendant responded affirmatively. Additionally, the trial judge imposed separate sentences on each count of simple burglary. Specifically, the trial judge stated, "In case 01-2666, count 1, simple burglary, the defendant is sentenced to 5 years at hard labor. Count 2, simple burglary. The defendant is sentenced to 5 years at hard labor. The sentence [s] in these two counts are to run concurrent with each other."
The Louisiana Constitution requires that the accused be informed of the nature and cause of the accusation against him. La. Const. art. I, § 13. In an unpublished opinion of this Court, State v. Preston, 03-540 (La.App. 5 Cir. 10/28/03), 857 So.2d 42 NDP, this Court stated a defendant cannot plead guilty to a crime for which he is not charged and the trial court is without authority to accept such a plea. In Preston, this Court vacated the defendant's guilty plea and sentence because he pled guilty to possession with intent to distribute cocaine 200 to 400 grams, but was only charged with possession of 200 to 400 grams of cocaine. This Court noted the Bill of Information was never amended and the defendant's plea was not a responsive verdict or a lesser included offense to the charged offense. This Court recognized this defect as an error patent.
In State v. Marceaux, 542 So.2d 1121, 1123 (La.App. 5 Cir.1989), this Court found that a guilty plea, which does not conform to the Bill of Information, is an error patent, and consequently the plea is invalid and must be set aside and the case remanded. See also, State v. Dantoni, 520 So.2d 1270 (La.App. 5 Cir.1988). We determined that the trial judge did not have jurisdiction to accept a plea when the Bill of Information and the charge to which the defendant entered a guilty plea did not conform, and the bill had to be amended or a new bill filed, unless the defendant pled guilty to a lesser-included offense of the same generic class that did not require proof of any element not found in the major crime charged. Id.
In State v. Cook, 372 So.2d 1202 (La.1979), the Louisiana Supreme Court explained that a defendant is not prohibited from entering a guilty plea to a non-responsive crime when such a plea is acceptable to the district attorney, but stated that the district attorney must amend the indictment to charge the non-responsive crime. In Cook, the defendant was charged in a single Bill of Information with aggravated burglary and simple burglary. Pursuant to a plea bargain, the defendant pled guilty to aggravated burglary and simple burglary of an inhabited dwelling.
In an error patent review, the Supreme Court found burglary of an inhabited dwelling was not responsive to or a lesser included offense of simple burglary. The Supreme Court that noted the State did not amend or file a new Bill of Information *1104 to charge the non-responsive crime and, as such, held the trial court did not have jurisdiction to accept the defendant's guilty plea. The Supreme Court set aside the defendant's entire plea, after finding that the "invalid guilty plea was part of a plea bargain in which the defendant also pled guilty to aggravated burglary." State v. Cook, 372 So.2d at 1205.
In State v. Alfred, 95-76 (La.App. 3 Cir. 5/3/95), 657 So.2d 116, the defendant pled no contest to criminal abandonment, a crime she could not have committed. The court recognized as error patent that the defendant legally could not have committed the offense, and reversed her conviction and sentence for criminal abandonment. The court found that the defendant's guilty plea to the charge of second degree battery that was part of the plea agreement with the charge of criminal abandonment, a crime the trial court had no authority to accept, was also invalid.
In State v. Presley, 99-802 (La.App. 3 Cir. 3/1/00), 758 So.2d 308, the defendant pled guilty to aggravated criminal damage to property and attempted assault by drive-by shooting, an offense, which is not recognized under Louisiana law, pursuant to a plea agreement. The appellate court vacated the plea and set aside the convictions and sentences, and remanded the case for further proceedings giving the defendant the options to both plead guilty and have imposed a sentence no greater than the original sentence, or proceed to trial on the charged offenses.
In State v. Holmes, 03-177 (La.App. 3 Cir. 2/18/04), 866 So.2d 406, the defendant pled guilty to two counts of obscenity pursuant to a plea agreement. The defendant appealed the denial of his Application for Post-Conviction Relief alleging that the plea as to one of the offenses was invalid, because that crime did not exist, at the time he was convicted. One of the alleged incidents of obscenity occurred in the jail shower. One of the essential elements of the crime of obscenity, at the time the conduct at issue occurred, was that the conduct occurred in a public place or place open to public view. The court determined that the defendant's conduct did not constitute obscenity, under the law as it existed when the conduct took place, because a prison shower was not a place open to the public view. The court reversed the defendant's conviction and sentence.
In State v. Smith, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505, the defendant pled guilty to manslaughter and aggravated robbery charges with an agreed upon sentencing cap of sixty years for both charges reserving his right to appeal on grounds of excessive sentence. The defendant was sentenced to consecutive terms of forty years at hard labor for manslaughter and twenty years at hard labor for aggravated robbery. The appellate court reversed the convictions and sentences, vacated and set aside the guilty pleas, and remanded the case to the trial court with instructions that the parties be placed in the same position that they occupied prior to the plea bargain.
In the present case, the defendant pled guilty to a crime with which he was not charged. He was only charged with one count of simple burglary, but he pled guilty and was sentenced on two counts of simple burglary. The Bill of Information was never amended to charge the defendant with two counts of simple burglary. Therefore, his guilty plea to one of the charges for simple burglary was invalid, because the trial court did not have jurisdiction *1105 to accept it. Pursuant to the rationale in Cook, the defendant's entire guilty plea must be set aside, because the defendant's invalid guilty plea was part of a joint plea bargain, in which the defendant also pled guilty to numerous other counts.
For the foregoing reasons, the defendant's convictions and sentences pursuant to the joint plea agreement are vacated, and the case remanded for further proceedings giving the defendant the options to either plead guilty and have imposed a sentence no greater than the original sentence, or proceed to trial on the charged offenses.
GUILTY PLEA VACATED; MATTER REMANDED.
NOTES
[1] Co-defendants, Adolfo Altamirano and Leo Clark, were also charged in the Bill of Information. Count one of the Bill of Information charged co-defendant, Adolfo Altamirano, with simple burglary and count two charged Altamirano, Clark, and the defendant with simple burglary. Count one against Altamirano was subsequently dismissed on August 6, 2001.
[2] The defendant pled guilty to two counts of simple burglary, although he was only charged with one count of simple burglary. See the error patent discussion for a discussion of this defect.
[3] A transcript of the arraignment is not included in the record and the minute entry simply states "[a] plea of NOT GUILTY was entered," but it appears that the defendant pled not guilty to two counts of simple burglary as indicated by the trial judge.