MOLAISON, J.
On appeal, defendant's appointed appellate counsel has filed an Ander s[1] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant's conviction and sentence and further grant appellate counsel's motion to withdraw as attorney of record.
*995 FACTS AND PROCEDURAL HISTORY
Because defendant pled guilty, the facts of this case were not fully developed at a trial. However, during the guilty plea colloquy, the State presented the following factual basis for the plea:
THE STATE:
Your Honor, if the State were to proceed to trial, it would prove beyond a reasonable doubt that the defendant, Jason Ecker, on November 8th, 2016, after the commission of a first degree robbery at the hands of Christopher Lucia of the Jade Buddha Restaurant in Jefferson Parish, did, after knowing that Christopher Lucia committed that armed robbery -- I'm sorry -- first degree robbery, did harbor and conceal Mr. Lucia, knowing that he committed the crime with the intent to help him avoid apprehension and/or arrest or a conviction by law enforcement.
The Jefferson Parish District Attorney filed a bill of information on February 10, 2017, charging Jason R. Ecker ("defendant"), with armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3.[2] Defendant pled not guilty at arraignment and thereafter filed several omnibus motions, all of which were denied. The State amended the bill of information on October 3, 2017, to charge defendant with accessory after the fact to first degree robbery, in violation of La. R.S. 14:25.[3] On that same date, defendant withdrew his plea of not guilty and pled guilty to the amended charge under North Carolina v. Alford , 400 U.S. 5, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Pursuant to his plea agreement with the State, defendant was sentenced to five years imprisonment at hard labor.
Defendant filed a timely pro se motion for appeal, which was granted on November 8, 2017. The instant appeal followed.
LAW AND DISCUSSION
Anders Brief
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by "a brief referring to anything in the record that might arguably *996 support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She contends that defendant did not plead guilty under State v. Crosby , 338 So.2d 584 (La. 1976), and thus, there is no ruling of the trial court to challenge. Appellate counsel states that she considered whether to raise that defendant's sentence was constitutionally excessive but felt that the issue was frivolous, as the trial court sentenced defendant to a reduced charge, and defendant was made aware of the sentence he would receive. She notes that defendant faced a sentencing range from 15 to 104 years if convicted of armed robbery with a firearm.
The State agrees with appellate counsel that there are no non-frivolous issues to be raised on appeal and urges that this Court should grant appellate counsel's motion to withdraw.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
Defendant was properly charged and appeared at each stage of the proceedings against him. As noted by appellate counsel, defendant did not preserve his right to challenge any of the trial court's pre-trial rulings on appeal pursuant to State v. Crosby , supra .[6] With respect to defendant's guilty plea under Alford , supra , the State provided the requisite factual basis at the time of the plea. The record further reflects that defendant was aware *997 he was pleading guilty to the charge of accessory after the fact to first degree robbery. The trial court advised defendant of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant acknowledged that he understood he was waiving those rights by pleading guilty, and he acknowledged that his plea of guilty was a knowing, intelligent, free, and voluntary act by him as evidenced by his signature on the waiver of rights form. Defendant was informed by the court of the maximum sentence, as well as the actual sentence he would receive, if his plea was accepted. The record indicates that the trial court accepted defendant's plea as a knowing, intelligent, free, and voluntary act. Finally, because defendant's sentence was imposed in conformity with a plea agreement set forth in the record at the time of the plea, defendant is now precluded from seeking review of that sentence. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's sentence and conviction and grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT REVIEW
This Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). No errors which require correction were found.
DECREE
Accordingly, for the reasons provided herein, defendant's conviction and sentence are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Christopher Lucia was named as a co-defendant in the bill of information and was likewise charged with armed robbery with a firearm. Lucia subsequently pled guilty to first degree robbery, and his Anders appeal is pending before this Court as companion case number 17-KA-37.

Prior to this amendment, the State amended the bill on October 2, 2017, from the charge of armed robbery with a firearm to armed robbery as to both defendant and Lucia. It additionally reflects that earlier on October 3, 2017, the State amended the charge of armed robbery to first degree robbery as to both defendant and Lucia.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

We note that, at the time of defendant's guilty plea, the trial court had not ruled on defendant's outstanding motion for preliminary examination. However, because defendant did not object prior to pleading guilty, this issue is waived on appeal. State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.