640 So.2d 426 (1994)
STATE of Louisiana
v.
Vilmore K. SCHEXNAYDER.
In re Vilmore K. SCHEXNAYDER, Defendant-Applicant.
No. 93-01673.
Court of Appeal of Louisiana, Third Circuit.
April 20, 1994.
Richard Paul Weimer, Lafayette, for plaintiff-appellee.
G. Paul Marx, Lafayette, for defendant-appellant.
Before COOKS, SAUNDERS and DECUIR, JJ.

WRIT GRANTED AND MADE PEREMPTORY:
On our own motion we transfer defendant's appeal filed with this court to our supervisory writ docket. See State v. Aggison, 628 So.2d 1115 (La.1993).
Defendant contends that his plea of no contest should not have been accepted without any factual basis being established in support of the charge. We agree. Although the United States Supreme Court has recognized that a defendant need not admit guilt before a criminal penalty may be imposed, the Supreme Court recognized a need for the record to contain a sufficient factual basis to enable the judge to test whether the plea was intelligently entered. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). See also State v. McLemore, 619 So.2d 210 (La.App. 2d Cir.1993) and State v. Romano, 627 So.2d 766 (La.App.2d Cir.1993). After reviewing the transcript of the entry of defendant's guilty plea in the instant case, we find the record does not contain a sufficient factual basis for the plea. Therefore, we find the defendant's plea was not freely, knowingly and voluntarily entered.
Accordingly, we set aside defendant's plea of guilty, reverse the conviction and sentence, *427 and remand the case to the trial court for further proceedings.