657 So.2d 116 (1995)
STATE of Louisiana
v.
Cela ALFRED a/k/a Sheila Alfred.
Nos. Cr. 95-76, Cr. 94-997.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*117 Michael Harson, Robin R. Rhodes, Lafayette, for State of Louisiana in No. 95-76.
Alfred Frem Boustany, II, Lafayette, for Cela J. Alfred a/k/a Sheila Alfred in Nos. 95-76, 94-997.
Robin R. Rhodes, Lafayette, for State of Louisiana in No. 94-997.
Before KNOLL, COOKS and PETERS, JJ.
COOKS, Judge.
Cela Alfred was charged with two counts of criminal abandonment, a violation of LSA-R.S. 14:79.1; two counts of principal to second degree battery, a violation of LSA-R.S. 14:24 & 14:34.1; and two counts of principal to aggravated rape, a violation of LSA-R.S. 14:24 & 14:42. Pursuant to a plea agreement, Alfred pled no contest to two counts of criminal abandonment and two counts of principal to second degree battery. The state then dismissed the remaining charges. The court sentenced Alfred to one year imprisonment for each count of criminal abandonment and five years for each count of principal to second degree battery. She was ordered to serve each sentence consecutively. Alfred appeals her sentences complaining they are excessive. We have discovered multiple patent errors which demand reversal of Alfred's convictions and sentences.

CRIMINAL ABANDONMENT
On June 1, 1993, Alfred and her husband traveled from Lafayette to Ville Platte where they left their children, ages ten and sixteen, at an abandoned gas station. Alfred was charged with criminal abandonment, which is defined as:
[T]he intentional physical abandonment of a minor child under the age of ten years by the child's parent or legal guardian by leaving the minor child unattended and to his own care when the evidence demonstrates that the child's parent or legal guardian did not intend to return to the *118 minor child or provide for adult supervision of the minor child.
LSA-R.S. 14:79.1(A).
The bill of indictment filed against Alfred, the warrants, and the investigating officer's report lists the ages of the children as ten and sixteen. It is patently obvious from reviewing the record, Alfred's guilty plea to the crime of criminal abandonment is infirm because an essential element of the crime is absent. The children, though abandoned, were all ten and older. Alfred legally could not commit the crime charged.
In State v. Crosby, 338 So.2d 584, 588 (La.1976), the Louisiana Supreme Court stated "[a]n Unqualified plea of guilty does not preclude review of what are regarded as `jurisdictional' defectsthose which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged." The court also declared in State v. Guillot, 200 La. 935, 9 So.2d 235, 238 (1942) an indictment that charges no offense is an error patent on the face of the record. Since the charges contained in the indictment do not state facts sufficient to articulate a crime recognized by law, such legal defect and/or error discoverable by mere inspection of the pleadings and proceedings requires reversal of Alfred's convictions and sentences for criminal abandonment.

PRINCIPAL TO SECOND DEGREE BATTERY
Furthermore, Alfred's guilty plea to the charge of principal to second degree battery also is invalid. It was entered as part of a plea agreement with a charge the trial court did not have the authority to accept. See State v. Cook, 372 So.2d 1202 (La.1979); State v. Price, 461 So.2d 503 (La.App. 3rd Cir.1984).
Moreover, Alfred's no contest plea to second degree battery for her alleged acts as a principal must be reversed for other reasons.
To convict an offender of principal to second degree battery, the state must prove beyond a reasonable doubt that the offender "was concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime." LSA-R.S. 14:24. Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury. LSA-R.S. 14:34.1. In the context of this offense, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. LSA-R.S. 14:34.1.
A defendant may knowingly, understandingly and voluntarily consent to the imposition of a prison sentence even if she is unwilling or unable to admit her participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An express admission of guilt is not a constitutional requirement for the imposition of criminal penalties, and the fact that the defendant believes she is innocent, and makes such belief known to the court, does not preclude her from entering a guilty plea. North Carolina v. Alford supra; State v. Linear, 600 So.2d 113 (La. App. 2d Cir.1992). Although the United States Supreme Court has recognized a defendant need not admit guilt before criminal penalties may be imposed, the Supreme Court recognized a need for the record to contain "strong evidence of actual guilt," i.e., a sufficient factual basis to enable the judge to test whether the plea was intelligently entered. North Carolina v. Alford, supra; State v. Schexnayder, 93-1673 (La.App. 3d Cir. 4/20/94); 640 So.2d 426.
When Alfred entered her plea of no contest, the state presented its factual basis to establish the commission of the crime. It asserted Alfred was guilty of the offense charged:
"by knowing about second degree battery being committed upon her natural child, which [sic] was a juvenile. This battery was committed in her presence by Mr. Harry Brown [Alfred's husband]."
*119 The record shows when the children were abandoned, they reported to the investigating police officer they were scared of Brown because he physically abused them. Alfred's ten-year-old daughter reported Brown raped her, which was confirmed by a physician; and, he shot her in the leg with a pellet gun. Both children had several cigarette burns throughout their bodies and lacerations, which were inflicted by Brown. The children stated they told Alfred about the abuse but she did not do anything to prevent it.
Alfred is mildly retarded and is schizophrenic. Her children's statements confirm her assertion that she also was physically abused by Brown. Alfred claimed she did not know about the abuse during the investigation and during her sentencing. The state admitted Alfred did not physically abuse the children. The trial judge also stated he "did not see anything in the report that Ms. Alfred herself participated in the actual abuse"; and, he was convinced Alfred was scared of Brown. Apparently, the state and the trial judge reasoned, although Alfred did not participate in and did nothing in furtherance of the abuse, she was a principal to the crime because she remained mute and did not take steps to prevent it. Although the facts in this record may show Alfred is guilty of some other crime, her conduct does not constitute principal to second degree battery. With the absence of a sufficient factual basis for Alfred's plea of no contest, we find her plea was not freely, knowingly and voluntarily entered.

DECREE
For the foregoing reasons, we reverse Alfred's convictions, vacate and set aside her sentences, and the charges against Alfred are hereby ordered dismissed. Further, Alfred is hereby ordered discharged from the Department of Corrections.
REVERSED AND DISMISSED WITH INSTRUCTIONS.