JjCOOKS, Judge.
The trial court granted defendant’s Motion to Quash the bill of information charging him with Third Offense DWI finding an insufficient factual basis existed in the record to accept Thomas’ prior “No contest” pleas. We find the lower court legally erred.
FACTS
On May 21, 1990, Leonard W. Thomas appeared before Lake Charles City Court for arraignment on a DWI First Offense charge. Thomas, without counsel, pled “no contest” to the charge. At that time,, the court asked Thomas if he understood the charge, to which Thomas responded affirmatively. The court informed Thomas of his constitutional rights and further advised him of the specific rights he would waive if he pled to the charge. -The court then sentenced Thomas to pay $500.00, plus court costs or 30 days in jail. Further, the court sentenced Thomas to serve an additional 125 days in jail, which was suspended on the condition that he attend Alcoholic Studies-Substance Abuse class, perform four days - community service and present himself to St. Patrick’s CDU for evaluation that same day.
|2In April 1992, Thomas again appeared before Lake Charles City Court for arraignment on a DWI-Seeond Offense charge. As before, he pled “no contest” • and was informed of his rights. Thomas also acknowledged he understood the second conviction could be used to enhance sentencing for any subsequent, similar offenses. Thereafter, the court, upon joint recommendation of the State and defense counsel, deferred imposition of sentence pursuant to La.Code Crim.P. art. 894 for a period of twelve months; and placed defendant on twelve months unsupervised probation with specific conditions similar to those imposed for his first DWI violation.
Once more, on August 13, 1995, Thomas was arrested and charged with DWI-Third Offense. This time, Thomas’ attorney moved that the Court quash the bill of information charging him with DWI Third-Offense urging he “was not properly Boykinized, did not properly and/or never plead to sufficient DWI’s to justify a third Offense, and the basis of the previous charges and sentences in themselves were defective as previously filed.”
In rendering judgment, the trial court found on the two prior occasions the defendant had waived his rights, was aware of why he was in court, and understood to what charge he was pleading. However, the trial court determined, sua sponte, that a factual basis must be articulated on the record before a plea of no contest is accepted. At both of Thomas’ prior pleas, there was no such articulation by the prosecutors. The judge granted Thomas’ Motion to Quash because he could not ascertain a “significant factual basis” for the two prior “no contest” pleas. Further, the court found no specific language existed in the record to show, on the two prior occasions, the city judge actually accepted defendant’s “no contest” pleas. The State has filed this appeal and complains the trial judge erred in granting the motion.

13Sufficient Factual Basis?

The trial court relied heavily on this court’s ruling in State v. Bowie, 95-795 (La.App. 3 Cir. 11/13/96), 684 So.2d 68. Closer scrutiny of the facts in Bowie reveals the holding in that ease does not mandate a similar result here. The Boivie defendant and a small group of friends entered a Lafayette bar frequented by college students. As one of Bowie’s friends, Babineaux, attempted to leave the bar, the following events transpired:
[A]n altercation began between [Babi-neaux] and a “large number of males.” The arguing group moved from [the bar’s] entrance to the parking lot, and the verbal encounter between Babineaux and the group of males escalated into a physical fight. The group of males, comprised of approximately 30 males, encircled Babi-neaux and began to administer on him a ‘fairly severe beating.’ Realizing they were outnumbered, Bowie [and the others] standing outside the bar, tried to leave. Several males splintered from the group and began following them.[Bowie’s other friends] were struck by several unidenti *1153 fied males in the parking lot as they attempted to make good their escape.
Id. at 71.
When Bowie was eventually cornered by the group, and after firing a warning shot, he shot and killed a young man who had reached into his automobile and struck Bowie. Bowie was charged with manslaughter, but, pursuant to a plea agreement, entered a plea of “no contest” to an amended charge of negligent homicide. Because the trial judge accepted the investigating officers’ reports as “evidencing a factual basis for the plea without making any inquiry or articulating the findings he deemed significant to adjudge defendant guilty of the offense,” we found the record, as it stood, did not provide support for Bowie’s conviction. Id. at 72. The prosecution in Borne:
[Fjailed to prove beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Makar, 578 So.2d 564 (La.App. 3 Cir.1991). We cannot affirm a conviction where proof in the record of an essential element of the crime charged is lacking or the record reasonably reveals facts tending to establish legal justification for the commission of the [alleged crime].
| ^Bowie’s factual scenario called into question whether the defendant had acted in self-defense. The presence of “self-defense” as an exonerating factor, coupled with the fact that defendant’s plea form had been altered, and he did not acknowledge the correctness of the State’s account on the record, we said should have put the trial court on notice that there was a need for a substantial factual basis to support a conviction.
Here, however, there is no evidence “tending to establish legal justification for commission of’ the two DWIs Thomas pled “no contest” to committing. Simply put, there was nothing in the record which should have alerted the court that a more sufficient factual basis was warranted. Bowie at 72. On each of the two occasions,. the judge properly informed the defendant of the specific rights he would waive by pleading “no contest.” He further advised Thomas that if he pled guilty or was found guilty of the same or similar offenses, any subsequent sentence which might be imposed for the latter offense could be enhanced. Thomas, on both occasions, expressed that he completely understood his rights. An express admission of guilt is not a constitutional requirement for the imposition of criminal penalties. Id. at 72-73, citing State v. Linear, 600 So.2d 113, 115 (La.App. 2 Cir.1992). “‘Strong evidence of actual guilt’”is all the court needs to ascertain before sentencing a criminal defendant. Bowie at 73, citing North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); and State v. Schexnayder, 93-1673 (La.App. 3 Cir. 4/20/94), 640 So.2d 426. We note “[t]he crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory.” State v. Strain, 585 So.2d 540, 544 (La.1991). It therefore, requires little, if any, judicial inquiry into a factual basis of guilt following a plea of no contest to a charge of driving while intoxicated than in more complex misdemeanor and felony cases. In Thomas’ case, the trial court had sufficient evidence of his “actual guilt.”
| sin brief, the State also suggests the trial court erred in granting Thomas’ Motion to Quash because he did not specifically urge the grounds upon which the court ultimately hinged its decision. Because we find the State’s complaint meritorious as mentioned, we need not address this issue.
DECREE
For the above reasons; we reverse the trial court’s judgment granting defendant’s Motion to Quash. This case is therefore remanded to the trial court for further proceedings.
REVERSED AND REMANDED.