| iYELVERTON, Judge.
On August 29, 1995, the defendant, Michelle D. Tauzin (aka Michelle Dugas), was charged by bill of information with one count of possession with the intent to distribute marijuana, second offender under La.R.S. 40:982; one count of possession with the intent to distribute dextropropoxyphene, al-prazolam, flunitrazepam, and diazepam, second offender under La.R.S. 40:982; one count of possession with the intent to distribute phentermine, second offender under La. R.S. 40:982; one count of possession of marijuana; and one count of possession with the intent to use drug paraphernalia. A co-defendant was also charged with several counts in the same bill of information. The defendant entered a plea of not guilty to the ^charges on September 26, 1995, but withdrew that plea on June 16,1997, and entered a plea of guilty to one count of possession of marijuana, second offense.[1] The |3remaining *100 charges were dismissed. The trial court sentenced the defendant to three years at hard labor. The defendant now appeals her conviction and sentence, alleging several assignments of error.
FACTS
According to the factual basis given in support of the defendant’s plea, police officers found marijuana in the defendant’s possession at or near the intersection of Pinhook and Verot School Road in Lafayette. This occurred on December 29,1994.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent. The defendant received an illegal sentence, requiring remand for resentencing.
The maximum sentence the defendant could have received for possession of marijuana, second offense under La.R.S. 40:982 is one year in the parish jail and a fine of not more than $1,000.00. The defendant received a sentence of three years at hard labor, well beyond the sentencing range for La.R.S. 40:982. Thus, the defendant’s sentence is vacated, and the case is remanded for resentencing.
^ASSIGNMENT OF ERROR NO. 1:
The defendant argues that the record does not support a plea of guilty to possession of marijuana, second offense, because the record contains no evidence of a prior conviction for marijuana. The defendant concedes there was some reference to a prior cocaine conviction, but argues that no evidence in the record supports even that conviction. The factual basis given in support of the defendant’s plea states only that the police found the defendant in possession of marijuana on December 29, 1994. It does not mention a prior offense.
This omission does not render the guilty plea invalid, however, since a factual basis was not required. The defendant did not enter the plea alleging her innocence nor did the defendant enter a no contest plea. Nothing in the plea itself alerted the trial court to the fact that a factual basis was needed. As stated by this court in State v. Bowie, 95-795 (La.App. 3 Cir. 11/13/96); 684 So.2d 68, 72 writ granted and provided guidance for remand, 96-2987 (La.1/31/97); 687 So.2d 369, [quoting State v. Linear, 600 So.2d 113, 115 (La.App. 2 Cir.1992)], “When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry.”
Although the present plea was taken en masse, the trial court personally addressed the defendant and advised her of the rights she was waiving by pleading guilty. The defendant did not assert her innocence or in any way put the trial court on notice that a factual basis was needed. Just before the *101 State recited a factual basis, it stated for the record that the defendant was pleading guilty to the amended charge of ^possession of marijuana, second offense. Immediately following this statement and the recitation of the factual basis, the trial court asked the defendant if she understood, to which she replied, “Yes, sir.” In sum, the defendant was properly Boykinized, was made aware that she was pleading guilty as a second offender, and did not put the trial court on notice that a factual basis was needed. Thus, the fact that the State failed to introduce evidence of the prior conviction at the guilty plea hearing does not render the defendant’s plea invalid. This claim lacks merit.
One paragraph of the defendant’s argument states the following,
“In order to come under the provisions of LSA-R.S. 40:966D, the defendant must have been convicted before of possession of marijuana. The record is indisputable that she has no such prior conviction. The question then becomes whether a defendant can plead guilty to a crime for which she was not charged and which the record indicates she did not commit.”
It appears from the rest of her argument in Assignments of Error Numbers 1 and 2 that the defendant is arguing only that she could not plead guilty to possession of marijuana, second offense because she was not billed as a second offender.
This argument is without merit since the bill of information does charge the defendant as a second offender. If the defendant is arguing, however, that she could not plead guilty to La.R.S. 40:966(C),(D)(2) because she was not originally charged with that offense, and the record does not indicate she committed that offense, her claim may have merit as previously discussed in footnote number one. Although a defendant can plead guilty to a crime not charged (as long as certain requirements are met), a defendant cannot plead guilty to a crime he can not legally commit. See State v. Alfred, 95-76, 94-997 (La.App. 3 Cir. 5/3/95); 657 So.2d 116. As discussed in [6footnote number one, however, the defendant’s plea should not be interpreted as a plea under La.R.S. 40:966(C),(D)(2).[2]
ASSIGNMENT OF ERROR NO. 2
The defendant claims the trial court erred in accepting her guilty plea because the crime to which she pled was nonresponsive to the original bill and the State failed to amend the bill of information to reflect such. Specifically, the defendant claims her guilty plea was nonresponsive because she was originally charged with possession of marijuana with the intent to distribute, and she pled guilty to possession of marijuana, second offense.
This claim is incorrect, however, because the defendant was originally charged as a second offender, and the amended charge deleted only the element of intent to distribute. Thus, the amended charge was responsive to the original charge.
ASSIGNMENT OF ERROR NO. 3
The defendant claims the Boykin colloquy was insufficient because the trial court did not advise her ■of the elements of the offense to which she pled. Specifically, the defendant claims an essential element of the offense to which she pled was a prior conviction for possession of marijuana.
|7As previously discussed in footnote number one, however, this court interprets the plea as a plea to possession of marijuana, second offense under La.R.S. 40:982. Under that interpretation, a prior conviction for possession of marijuana is not an essential element of the offense to which the defendant pled. Instead, an essential element is a prior conviction for possession of cocaine. Although no evidence of a prior conviction for possession of cocaine was in *102 troduced at the Boykin colloquy, such evidence was not required. The bill of information charged the defendant with having such a prior conviction. Furthermore, at the Boykinization, the State advised the defendant that she was pleading guilty to possession of marijuana, second offense. Thus, the defendant was informed that she had to have a prior offense when she pled guilty. However, the validity of a guilty plea does not depend upon whether or not the trial court specifically informed relator of every element of the offense. Rather, relator must establish his lack of knowledge of the essential nature of the offense to which he pled. State v. Bowick, 403 So.2d 673 (La.1981). Because the defendant was informed that she was pleading guilty to possession of marijuana, second offense, and the bill of information specifically states her prior offense is possession of cocaine, the defendant has not proved she lacked knowledge of an essential element of the crime to which she pled.
The defendant also claims the trial court erred in accepting her guilty plea without advising her of the maximum sentence possible for the commission of the crime. At the time the defendant entered her plea, the trial court was not constitutionally or statutorily required to advise the defendant ,of the maximum Ispossible penalty. State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98); 707 So.2d 122, writ denied, 98-0490 (La.6/5/98); 720 So.2d 679.[3] Thus, this assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 4, 5, & 6
The defendant claims her sentence should be set aside because the trial court failed to adequately consider the criteria set forth in La.Code Crim.P. art. 894.1, the trial court failed to set forth an adequate factual basis for the sentence imposed, and the trial court imposed an excessive sentence. In light of the fact that this court vacates the sentence imposed and remands for resentencing because the defendant received an illegal sentence, the claims raised by these assignments are moot.
CONCLUSION
The defendant’s conviction is affirmed. The sentence imposed, however, is illegal and is vacated. The case is remanded for resen-tencing within the proper sentencing range.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
AMY, J., concurs and assigns reasons.

. Although the original bill of information charges the defendant as a second offender under La.R.S. 40:982 and the bill was not amended to reflect a plea to any other second offender charge, in her brief the defendant argues under the assumption that she pled guilty to possession of marijuana, second offense under La.R.S. 40:966(C),(D)(2). She does not mention La.R.S. 40:982. The State’s brief does not address this issue. And, the Boykin colloquy makes no mention of the statute number under which the defendant pled as a second offender. However, there are indications in the record that the parties may have intended for the defendant to plead as a second offender under La.R.S. 40:966(C),(D)(2). The guilty plea form signed by the defendant actually cites the penalty range for La.R.S. 40:966(C),(D)(2)—up to five years and a fine of $2,000.00 — rather than the penalty range for La.R.S. 40:982 — up to one year in the parish jail and a fine of not more than $1,000.00. The defendant was sentenced to three years at hard labor, within the range of La.R.S. 40:966(C),(D)(2). Also, no objection was made at sentencing or in'the defendant's appellate brief to the sentence being beyond the range of La. R.S. 40:982.
We cannot interpret the defendant’s plea as a plea under La.R.S. 40:966(C)(D)(2). Such a plea would he illegal when we consider State v. Alfred, 95-76, 94-997 (La.App. 3 Cir. 5/3/95); 657 So.2d 116. In Alfred, this court vacated the defendant’s guilty plea to criminal abandonment because the defendant could not legally commit the *100 crime charged. The bill of indictment in that case charged the defendant with two counts of criminal abandonment of children ages 10 and 16. The offense of criminal abandonment, however, only punishes the physical abandonment of children under the age of 10.
Likewise, in the present case, the defendant could not legally commit the crime of possession of marijuana, second offense, under La.R.S. 40:966(C)(D)(2). Under that provision, the defendant must have a prior conviction for possession of marijuana, tetrahydrocannabinol or chemical derivatives thereof. The defendant was not charged with such a prior conviction nor does the P.S.I. show that she has such a prior conviction. Thus, she could not legally plead guilty to such a charge. Alfred, 657 So.2d 116. See also State v. Smith, 96-1041 (La.App. 3 Cir. 2/5/97); 688 So.2d 1285.
Because the plea to La.R.S. 40:966(C)(D)(2) violation would not be a legally effective plea, we cannot interpret the plea in this manner, and neither party argues that we should. Furthermore, there is no definitive evidence in the record or in the defendant’s brief that the defendant pled guilty under La.R.S. 40:966(C)(D)(2). At the plea, the State indicated the defendant was pleading to the amended charge of possession of marijuana, second offense, in lieu of possession of marijuana with the intent to distribute, second offense. No changes were made to the bill of information concerning the predicate offense (possession of cocaine) or the statute number on which the charge is based. Thus, for the rest of this opinion we will discuss the issues under the assumption that the defendant pled guilty to possession of marijuana, second offense under La. R.S. 40:982 as reflected in the orally amended bill of information.

. As noted in footnote number 1, the defendant’s plea could be interpreted as a plea to possession of marijuana, second offense under La.R.S. 40:966(C)(D)(2), but we have determined that we cannot so interpret her plea. However, the defendant does request her plea be set aside for various reasons. Although we do not presently interprel the defendant's argument as requesting the plea be set aside because she pled guilty under La.R.S. 40:966(C)(D)(2) rather than under La.R.S. 40:982, if that is in fact her argument, she can file a motion to withdraw her plea once the case is remanded for resentencing.

. Act 1061 of the 1997 Louisiana Legislative Session enacted La.Code Crim.P. art. 556.1, which now requires a trial court to inform the defendant of and determine that he understands both the nature of the charges against him and the penalty range to which he is exposed. However, this amendment was not in effect on June 16, 1997, the date the defendant entered her guilty plea.