JgFOIL, J.
The defendant, Claude Kelly, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of La.R.S. 14:98(D). He pled not guilty, and the matter was set for trial. The defendant filed a motion to quash, which was denied by the trial court. Thereafter, he was tried by a jury of six persons and found guilty of the responsive verdict of driving while intoxicated, third *761 offense. The court sentenced the defendant to five years at hard labor, and required that he receive substance abuse treatment six months prior to his release from incarceration. He appealed, urging two assignments of error.
FACTS
On March 7, 1997, an automobile accident occurred in front of Simpson’s Bar, located on La. Hwy. 42 in Ascension Parish. Three cars were determined to be involved in the accident: one car driven by Arthur Brazille, another by Mr. Boswell, and the third by the defendant. The accident occurred when Mr. Boswell pulled out of the parking lot of the bar directly into the path of Arthur Brazille’s car. Mr. Brazille stopped abruptly in order to avoid hitting Mr. Boswell’s car. At that point, the defendant, who was travelling directly behind Mr. Brazille, was unable to stop and rear-ended Mr. Brazille’s car.
Several deputies from the Ascension Parish Sheriffs Office came to the scene. Louisiana State Trooper Mike Prescott arrived shortly after the deputies. The officers at the scene began talking with the people involved in the accident, including the defendant. Deputy Jeff LaGrange noticed that the defendant’s eyes were bloodshot and later detected an odor of alcohol on his breath. Sgt. Mike Richardson also saw that the defendant’s eyes appeared to be bloodshot. The defendant had difficulty moving his vehicle, which had an empty boat trader attached to it.
When Trooper Prescott arrived at the scene, he requested to be allowed to perform a horizontal gaze nystagmus test on the defendant. After initially refusing, the defendant acquiesced to the test. The deputies observed the defendant as the test was performed. All three officers agreed that the defendant failed all aspects of the test. The defendant also performed the finger to nose test and the “ABC” test. He failed the first test and skipped several letters of the alphabet in both his first and second attempts to perform the other test. The defendant told the officers at the scene that he had consumed three beers | «that day, but did not feel that he was impaired. He refused to perform any further field sobriety tests. The defendant was arrested on suspicion of driving while intoxicated. He was transported to the Sheriffs Office and asked to take an intox-ilyzer test. According to Deputy La-Grange, the defendant refused, stating that the last time he had taken the test after consuming the same amount of alcohol, he registered a .147. After the deputies checked the defendant’s record, he was charged with driving while intoxicated (tenth offense).
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant argues that the trial court erred in denying the motion to quash the predicate offenses. He contends that the alleged predicate offenses involved guilty pleas that were not constitutionally obtained.
The defendant asserts that the first predicate, arising from a guilty plea entered on December 1, 1988, is invalid because it resulted from a plea agreement, the terms of which were not enforced. Specifically, he notes that the plea resulted from an agreement with the state whereby the charge against him was reduced from second to first offense. The defendant claims that, prior to accepting his plea, the trial judge explained to him that the plea could only be used against him for a five-year period. Subsequent to this agreement, however, La.R.S. 14:98 F(2) was amended to increase the cleansing period for predicate offenses from five to ten years. The defendant argues that, in using the expanded cleansing period, the state has not complied with the terms of the plea agreement.
We find no merit to the defendant’s arguments. While it is evident that the defendant pled guilty to a reduced charge pursuant to a plea bargain, it is also clear *762 that the five-year cleansing period was not a term of the plea agreement. Rather, a reading of the transcript of the plea proceeding shows that the trial judge merely informed the defendant of the law concerning the use of predicate offenses as it existed at that time. The fact that the law was later amended does not invalidate the prior guilty plea.
Next, the defendant claims that the second predicate involving a guilty plea entered on September 13, 1990, is invalid because, although the record reflects that it was a nolo contendere plea, it was actually a best interest plea. He asserts that the trial court failed to ascertain a factual basis for the plea.
| ¿Again, we disagree with the defendant’s assertions. The minute entry and transcript of the plea proceeding show that the trial judge properly informed the defendant of the charge against him and the specific rights he would waive by pleading no contest. The defendant expressed that he understood his rights. The crime of driving while intoxicated is a non-complex offense that is almost self-explanatory. State v. Thomas, 97-505 p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 1151, 1153, unit denied, 97-2966 (La.4/24/98), 717 So.2d 1164. It therefore, requires little, if any, judicial inquiry into a factual basis of guilt following a plea of no contest. Id.
Finally, the defendant asserts that the third predicate arising out of a guilty plea entered on June 26, 1990, is invalid because, although the defendant pled guilty as charged and stated on the record that he was guilty, a factual basis should have been obtained for the plea. We disagree. Rather, we find that the record of the defendant’s plea sufficient without the recitation of a factual basis. There is ample evidence that the defendant knowingly and intelligently entered his plea. As the record does not establish the need for a factual basis (such as where a defendant pleads guilty while maintaining his innocence), we see no reason to set aside a plea that was otherwise made knowingly and intelligently.
For the above reasons, we conclude that the defendant’s first assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, the defendant contends that the evidence presented by the state was not sufficient to support his conviction. The standard of review for sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.Code Crim.P. art. 821; State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1st Cir.1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the fact finder must be satisfied |Bthat the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988). However, when a ease involves circumstantial evidence, and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987).
In the instant case, the evidence presented at trial showed that when Deputy LaGrange and Sergeant Richardson first had contact with the defendant, they both noted that he had bloodshot eyes and smelled of alcohol. They also observed *763 that he had difficulty parking the truck he had been driving, which had an empty boat trailer attached. Deputy LaGrange further testified that the defendant admitted that he had been drinking, but indicated he only had three beers. Both officers told Trooper Prescott about their observations when he arrived at the scene. Trooper Prescott performed a horizontal gaze nys-tagmus test on the defendant and noted that he performed poorly on all aspects of the test. The defendant directs our attention to the fact that he was not immediately arrested. He claims that after he took the test, he was allowed to resume talking to others and walking around the scene. As such, he assumed that he had passed the test. The defendant asserts that the only reason he was arrested was because Mrs. Brazille, the wife of the driver of the car he rear-ended, insisted upon it.
The testimony offered at trial from both prosecution and defense witnesses indicates that the extremely intoxicated driver of the car that caused the accident created a disturbance at the scene. Deputy La-Grange testified that he had to keep leaving the defendant to assist the officers who were attempting to arrest Mr. Boswell, who was shouting and causing a scene. He also testified on cross-examination that he would not arrest someone whom he did not believe had committed a crime simply because a private citizen became upset and asked him to do so. Testimony at trial from both lay witnesses and the officers at the scene indicated that the defendant showed signs of intoxication. Deputy La-Grange indicated the defendant was given the alphabet test and was unable to correctly recite the alphabet. He was also administered the “hand to nose test,” with poor results. After performing poorly on all the tests administered to him, the defendant |Brefused to attempt any further field sobriety tests. He was then placed under arrest for suspicion of driving while intoxicated. When offered the opportunity to take the intoxilyzer test, he refused, stating that the last time he took the test after having drunk that much, he failed the test and couldn’t afford to take that chance again.
Viewing the evidence presented at trial in the light most favorable to the state, we conclude the record supports the defendant’s conviction for driving while intoxicated, third offense. This assignment of error is therefore without merit.
CONVICTION AND SENTENCE AFFIRMED.