827 So.2d 1260 (2002)
STATE of Louisiana
v.
Michael E. SULLIVAN.
No. 02-0360.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*1261 G. Paul Marx, Attorney at Law, Lafayette, LA, for Defendant/Appellant Michael E. Sullivan.
Michael E. Sullivan, Kinder, LA, Pro Se Defendant/Appellant Michael E. Sullivan.
Hon. J. Phillip Haney, District Attorney, New Iberia, LA, for Appellee State of Louisiana.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
*1262 PETERS, J.
The defendant, Michael E. Sullivan, is before this court for the third time on the same charge. On April 29, 1997, the state charged him by bill of information with first degree robbery, a violation of La.R.S. 14:64.1. Initially, the defendant entered a not guilty plea to the charge. However, on August 19, 1997, he withdrew his initial plea and entered a plea of guilty as charged. On November 4, 1997, the trial court sentenced the defendant to serve thirty years at hard labor.
The defendant took no further action in his defense until December 9, 1999, when he filed a motion to reconsider his sentence. The trial court rejected this motion. Thereafter, he filed an application for post-conviction relief which the trial court denied with written reasons on July 24, 2000. Next, the defendant filed a writ application alleging that the trial court failed to inform him of his constitutional right to judicial review of his sentence. On May 14, 2001, a writ panel of this court determined, in an unpublished decision, that the defendant's claim should have been treated as an application for an out-of-time appeal and remanded the matter to the trial court. The writ was denied in all other respects. State v. Sullivan, 00-1455 (La.App. 3 Cir. 5/14/01), writ denied, 01-1617 (La.3/8/02), 810 So.2d 1160.
On May 29, 2001, the trial court denied the defendant's request for an out-of-time appeal, stating that the defendant had waived his right to an appeal by failing to timely file a motion to reconsider the sentence. The defendant then filed another writ application, in which another writ panel of this court, in an unpublished decision, again remanded the matter to the trial court after finding that the trial court erred when it denied the defendant's request without an evidentiary hearing. State v. Sullivan, 01-0921 (La.App. 3 Cir. 10/23/01). On December 21, 2001, the trial court granted the defendant leave to file an out-of-time appeal. In the appeal now before us, the defendant's counsel asserts two assignments of error:
1. The trial court erred in that the 30 year sentence imposed for first degree robbery was unconstitutionally excessive for [a] fourth felony offender who never committed a crime with a weapon.
2. The trial court erred in accepting a guilty plea where there was no factual basis for the charge of first degree robbery.
Additionally, the defendant asserted one pro se assignment of error:
Whether, a "Structrual [sic] Defect" in the Constitution of the 6th Amendment occurred, when counsel's failure to file motion to reconsider under Art. 881.1, and the plea agreement is absolutely silent as to a sentencing cap, in violation of Art. 894.1 Amendede [sic] Act 22 of 1991 New Sentencing Guidelines.
For the following reasons, we affirm the conviction and sentence in all respects.

OPINION
The first degree robbery charge arises from the robbery of the New Iberia, Louisiana branch of the First National Bank. The bill of information charged the defendant with having taken money from Linda DeRouen by using force or intimidation and causing her to reasonably believe that he was armed with a dangerous weapon.
At the August 19, 1997 plea hearing, the state informed the trial court that on March 18, 1997, the defendant entered the branch bank wearing camouflage clothing, sunglasses, and a hat. As he entered the bank, a teller concerned with his appearance activated the security cameras. The defendant then approached Ms. Derouen's teller window and gave her a note which stated, "Be calm. Give me all your money." When Ms. Derouen hesitated, he vocally *1263 informed her that he wanted her to give him the money "right now." Ms. DeRouen complied with the demand by stuffing money from her drawer into a bag. In doing so, she included bills with pre-recorded serial numbers as well as a packet of explosive dye. As the defendant left the bank, the dye exploded. When the defendant was arrested several hours later at his apartment, the law enforcement officers who made the arrest recovered all but approximately $100.00 of the stolen money. Some of the money found in his possession was marked with dye. Additionally, the law enforcement officers recovered the clothing the defendant had worn in the robbery. When questioned by the trial court whether this summary of facts was accurate, the defendant responded, "Yes, sir."

Assignment of Error Number One
In his first assignment of error, the defendant asserts that the trial court imposed a sentence that is constitutionally excessive. As a preliminary matter, we note the defendant failed to timely file a motion to reconsider his sentence as required by La.Code Crim.P. art. 881.1(A) and, as a general rule, appellate courts are precluded from reviewing a sentence when a defendant fails to timely file such a motion. La.Code Crim.P. art. 881.1(D); State v. Joubert, 97-1093 (La.App. 3 Cir. 2/4/98), 705 So.2d 1295, writ denied, 98-1525 (La.10/30/98), 723 So.2d 973. However, in the matter now before us, the defendant appears to raise the issue of ineffective counsel in his pro se assignment of error. For that reason, and that reason only, we will review the defendant's sentence.
Louisiana Revised Statute 14:64.1(B) provides that "[w]hoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence." Therefore, the thirty-year sentence imposed on the defendant is clearly within the statutory limit.[1] However, an imposed sentence which falls within the statutory parameters may nonetheless be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
To constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering.
State v. Brown, 94-1290, p. 9 (La.1/17/95), 648 So.2d 872, 877.
Thus, the standard of review in the case sub judice is abuse of discretion. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
Before imposing sentence, the trial court received a pre-sentence investigation report which reflected that the defendant was a fourth-felony offender with a criminal record extending from November of 1983. The convictions reflected on the report included simple battery on a police officer, resisting arrest, possession of marijuana, driving while intoxicated and causing bodily injury, forgery, second degree burglary, armed robbery, and simple robbery. The report included a number of other charges that never became convictions. *1264 At sentencing, the trial court questioned the defendant concerning his criminal record, and the defendant acknowledged his convictions. In sentencing the defendant, the trial court stated the following:
Mr. Sullivan, I find that you have a drug problem going back into the early eighties, and your adventures in the diving field, that is to say, I believe you were a diver at the time of this, sort of fit into a pattern of conduct and a lifestyle that you liked. I don't think that your lifestyle is going to change. I think that you are not going, nor can I possibly think that you're going to uh, you're going to change your way of life or your style of life.
So at the interest of public safety, it's the sentence of this Court that you serve thirty (30) years at hard labor....
Now, you're going to serve most of that time, Mr. Sullivan. You've been given every chance. A kid from Missouri who wanted to do big, bad things. You repeatedly ingratiated yourself even with your captors. I've received letters from jailers in Lafayette, from a number of people who have known you all your life, a man who has had great potential. You are not fit to be out in society, because even though you think you're non-violent, that teller in that bank and the rest of those bankers and customers didn't know you didn't have a gun. You are a disgrace to your family, Mr. Sullivan. You are somebody who is going to go away; and in the interest of public safety, go and be immunized, that is to say, you're going to be put away out of society's reach, hopefully.
After reviewing the record, we find that the trial court did not abuse its wide discretion in sentencing the defendant. The trial court articulated the factors, both aggravating and mitigating, it considered before rendering the sentence, and we do not find that sentence imposed is grossly disproportionate to the crime. Nor do we find that the sentence makes no measurable contribution to acceptable penal goals. Therefore, we find that this assignment is without merit.

Assignment of Error Number Two
In his second assignment of error, the defendant asserts that the trial court erroneously accepted his guilty plea because there was no factual basis for the charge of first degree robbery. He specifically asserts that there was nothing in the record to show that the victim reasonably believed that he was armed with a dangerous weapon, an element of the offense of first degree robbery.
When a defendant pleads guilty, he waives his right to challenge the sufficiency of the evidence. State v. Myers, 99-677 (La.App. 3 Cir. 12/8/99), 753 So.2d 898, writ denied, 00-0053 (La.6/23/00), 765 So.2d 1036; see also State v. Crosby, 338 So.2d 584 (La.1976). The trial court explained to the defendant the elements of first degree robbery, and the defendant admitted his guilt to the offense after being informed that he was waiving all rights by entering a plea. Thus, we need not consider whether the factual basis presented was adequate as it was not necessary for the trial court to articulate a factual basis. State v. Tauzin, 98-46 (La.App. 3 Cir. 10/7/98), 720 So.2d 98. Therefore, we find that this assignment is also without merit.

Pro Se Assignment of Error
In this assignment of error, the defendant seems to argue that he was denied effective assistance of counsel because his counsel failed to timely file a motion to reconsider his sentence and his plea agreement failed to establish a sentencing cap in violation of La.Code Crim.P. art. 894.1. Because the defendant failed to brief the assignment regarding ineffective *1265 counsel, it is, therefore, considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. However, in the brief submitted to this court, the defendant raises a number of other issues. We have already addressed one of the issues, the excessiveness of his sentence, but will address the remaining issues to resolve this litigation completely.
We first note that, despite the defendant's comments to the contrary, there was no plea agreement. At a pretrial conference held August 4, 1997, the trial court specifically informed the defendant that no plea agreement existed and that the trial court would conduct a pre-sentence investigation before imposing sentence. Three days later, on August 7, the trial court again informed the defendant that there existed no promises concerning sentencing. Moreover, during his Boykinization process, the defendant answered negatively when the court asked, "Has anyone made any promises of any kind, threats of any kind to get you to plead guilty other than discussions about the sentence?" Additionally, the defendant answered in the affirmative when, during the plea colloquy, the trial court asked him if he understood that he would plead "open ended." Therefore, we find his assertion that the plea agreement was breached to be without merit. Likewise, because we find that no plea agreement existed, we find no merit in his argument that he was induced into accepting a plea agreement.
Next, the defendant argues that his plea was not voluntary, intelligent, or knowing. We find no merit in this argument. The plea colloquy expressly inquired into whether the defendant understood what he was doing, what rights he was forgoing by pleading guilty, and the crime for which he was pleading guilty. He clearly responded that he did. Thus, this assignment is without merit.
Finally, the defendant asserts that the trial court failed to advise him of the mandatory minimum and maximum sentences for first degree robbery. We agree that the trial court failed to do so, but find this to be harmless error.
Louisiana Code of Criminal Procedure article 556.1(A)(1) requires that the trial court inform the defendant of the minimum and maximum penalties.[2] However, the supreme court in State v. Guzman, 99-1753, 99-1528 (La.5/16/00), 769 So.2d 1158, concluded that the proper standard of review for a trial court's failure to advise a defendant of the minimum and maximum penalties before accepting a guilty plea was the harmless error standard, noting that La.Code Crim.P. art. 921 provides that a judgment cannot be reversed "because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
We do not conclude that knowledge of the minimum and maximum penalties for first degree robbery would have affected the defendant's decision to plead to second degree robbery. He has an extensive criminal history, agreed to an open-ended plea, and was well aware that he could have been charged as an habitual offender. In fact, at the August 7, 1997 hearing, the trial court specifically called to the defendant's attention the life-imprisonment provisions of La.R.S. 15:529.1 for multiple offenders. We find it unlikely that knowing the minimum and maximum penalties would have affected the defendant's decision to plead guilty.

*1266 DISPOSITION
For the foregoing reasons, we affirm the conviction and sentence of the defendant, Michael E. Sullivan.
AFFIRMED.
NOTES
[1] We note that the trial court failed to state that the defendant's sentence was without benefit of probation, parole, or suspension of sentence. However, La.R.S. 15:301.1(A) provides that such a sentence "shall be deemed to contain" those provisions. Thus, we consider the sentence to be one imposed without the benefit of probation, parole, or suspension of sentence in accordance with the mandate of La.R.S. 14:64.1(B).
[2] Article 556.1 was added by Acts 1997, No. 1061, § 1, and was amended by Acts 2001, No. 243, § 1, to provide the harmless error standard.