STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-149

STATE OF LOUISIANA

VERSUS

ANTHUS MCCOY BLEDSOE

**************
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, DOCKET NO. 59,978
HONORABLE ROBERT E. BURGESS, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

**AFFIRMED.**

**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Post Office Box 1557**
**Many, Louisiana 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 E. Texas Street**
**Leesville, Louisiana 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/ APPELLANT:**
    **Anthus McCoy Bledsoe**

**COOKS, Judge.**

## STATEMENT OF THE FACTS

On February 15, 2005, in Many, Louisiana, the Defendant, Anthus McCoy Bledsoe, and two other individuals, robbed Michael Cutwright, an employee of Rent Way, at gunpoint. Bledsoe was charged by bill of information with armed robbery. The Defendant entered a plea of not guilty, but later changed his plea to guilty of the lesser offense of first degree robbery, a violation of La.R.S. 14:64.1. The trial court sentenced Bledsoe to thirty years at hard labor, without benefit of probation, parole, or suspension of sentence. The Defendant was given credit for time served. Although this sentence is within the range mandated by La.R.S. 14:64.1, the Defendant appeals, asserting excessiveness of sentence. He argues there is nothing in the reasons for the sentence which indicates he is more culpable than his co-defendants, who pled guilty to simple robbery and were sentenced to five years. For the reasons assigned below, we affirm the sentence of the trial court.

## LAW AND DISCUSSION

The trial court obtained a pre-sentence report on Bledsoe and, in sentencing him to thirty years at hard labor, articulated several factors which justified a sentence different from his co-defendants. First, Bledsoe was a third felony offender; second, this crime was committed less than one year after he was released from prison on a previous conviction; third, he was in the leadership position and influenced the other individuals to participate; and, fourth, he used a dangerous weapon in the commission of the offense. The trial court stated:

> The Court finds, amazingly, that in this case, this defendant is a third felony offender, therefore, he is not eligible for a probated sentence. In this case, the report shows that in 1994, he was charged with the offense of burglary of a habitation. In 1996, he was charged with sexual assault and burglary of a habitation. Those charges, that second charge was dismissed. In connection with the second set of charges, he pled guilty

2

to burglary of a habitation, sexual battery, August 8, 1996. He was sentenced to eight years Department of Corrections. He had been out . . . [eight months] before you were arrested on this charge.

. . . .

Less than a year. So, that tells me you are clearly, under Code of Criminal Procedure Article 894.1, in need of a custodial environment which can most be effectively provided by your commitment to an institution. There is an undue risk that during a period of suspended sentence of probation, if available – since it's not – that you would commit another crime. Any lesser sentence than the one imposed by the Court would deprecate the seriousness of your conduct. Any type of crime of violence, this is designated as a crime of violence and is so noted for the record. The aggravating factors, you're using a dangerous weapon, you're committing a list of threat[s] of great bodily harm to any number of people. You used threats and actual violence in commission of the offense, I believe in subsequent to the offense that you used and caused others in this to influence the institution of this, or threats to influence the prosecution or outcome of these proceedings based upon what is contact with this woman. And I believe that you were in a position of leadership in this because of your past. It is the thing that is most indicated in this case. I do not find any mitigating factors that apply.

In *State v. Whatley*, 03-1275, p.6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 959, this court articulated three factors to be considered in reviewing a trial court's sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and, (3) the sentence imposed for similar crimes.

This was a crime of violence. The Defendant robbed an individual at gunpoint. The Defendant was a habitual offender. In fact, he had been released from jail less than a year at the time of the current offense. Our review of the sentence imposed for similar crimes indicates the sentence imposed by the trial court was not excessive.

In *State v. Sullivan,* 02-360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1260*, writ denied,* 02-2931 (La. 4/21/03), 841 So.2d 790, *writ denied*, 02-2965 (La. 9/5/03), 852 So.2d 1024, this court found the trial court did not abuse its discretion when sentencing the defendant, a fourth felony offender, to thirty years at hard labor without benefit of probation, parole, or suspension of sentence for first degree robbery.

In *State v. Mitchell*, 35,970 (La.App. 2 Cir. 5/8/02), 818 So.2d 807, the court held a thirty-year sentence to be served at hard labor without benefit of probation, parole, or suspension of sentence was not excessive for a first felony offender who wielded a cocked gun and repeatedly threatened to kill the victim several times during the course of the robbery.

A sentencing court must individualize the sentence to the crime committed and to the offender. *State v. Cathey*, 569 So.2d 627 (La.App. 2 Cir. 1990). A trial court is given wide discretion in sentencing, and the sentence will not be disturbed on appeal absent a manifest abuse of that discretion. *State v. Lanclos*, 419 So.2d 475 (La.1982).

Based on Bledsoe's status as a third felony offender and the fact that he committed the present crime only eight months after his release from prison, we conclude the sentence imposed by the trial court was not excessive.

## DECREE

Based on the foregoing review of the record, we affirm the sentence imposed by the trial court.

**AFFIRMED.**